## GEORGE CHEESEMAN v. THOMAS J. CADE.

1. If the court of common pleas in giving judgment in an appeal from the judgment of a justice, erroneously give judgment for the costs below, such error is amendable in *certiorari* and the whole judgment will not be therefor reversed.

2. If on an appeal a verdict is rendered for a less sum than before the justice, the common pleas should reverse the judgment below, but if this is omitted the error will be amended in *certiorari*.

3. In an action founded on the right to return of a horse, where an exchange was made with the agreement that either party, if dissatisfied, might re-exchange upon returning the horse received by him in three days, the state of demand must show distinctly an offer to return in three days.

Cheeseman v. Cade.

This was a *certiorari* to Camden county common pleas, and was argued before

POTTS, J. The judgment in the common pleas was for less than the amount recovered before the justice, and the pleas erred in allowing the costs below. But this error is amendable. *Robinson* v. *Hedge*, 2 *Pen.* 688.

There should have been in this case a judgment *reversing* that before the justice. *Hendricks* v. *Craig*, 2 *South.* 569 ; *Woodruff* v. *Budgely*, 7 *Hal.* 367. But this being matter of form might be amended.

But a more serious error assigned is, that the state of demand contains no legal cause of action ; and if this is so, it is fatal. *Gould* v. *Brown*, 4 *Hal.* 165.

The demand alleges that the plaintiff and defendant agreed, *on the* 15*th January*, to exchange horses—the plaintiff to take defendant's *mare*, and defendant to take plaintiff's *horse*—to be used and worked by each other three days; if each was satisfied, they were to exchange the one for the other, and if not, *each was to return the other's horse at the end of three days* in good condition, &c. It then alleges that on the *day, &c., aforesaid*, each took the other's horse for the purpose aforesaid, but the plaintiff, not being satisfied with the defendant's mare, returned her to the defendant in good condition *on the* 20*th January ;* but the defendant, within the three days, used the plaintiff's horse so, &c., that he died in consequence, to the damage, &c.

The objection is, that upon the face of the plaintiff's demand it appears that the plaintiff *did not return the defendant's horse in three days*, as by his contract he was to do if dissatisfied.

I think the fair construction of the agreement is that if each kept the other's horse *after the end of three days*, the exchange was completed. This they both did according to the state of demand, and the plaintiff could not afterwards repudiate it, and bring his action.

The judgment is reversed.